IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN SATTERWHITE      *
        Petitioner
    v.                  *    CIVIL ACTION NO. AMD-07-1884

LISA J. W. HOLLINGSWORTH,    *

        Respondent     *
                            ***

MEMORANDUM

Petitioner Nathan Satterwhite is an inmate at the Federal Correctional Institution in Cumberland, Maryland. On July 17, 2007, he filed this 28 U.S.C. § 2241 petition for habeas corpus. Paper No. 1. Petitioner was convicted in the Superior Court for the District of Columbia on drug and contempt charges. The claim concerns "jail or prison conditions" and "a parole problem." Because he appears indigent petitioner's application to proceed without the prepayment of fees shall be granted. The petition shall be dismissed without prejudice.

As presented on a three-page typed form, *see* Paper No. 1 at 5-7, the petition appears to challenge both the constitutionality of a detainer lodged with the U.S. Bureau of Prisons ("BOP") and the BOP's decision to treat petitioner's sentence as consecutive to another sentence. *Id*. (The attachments indicate that in 2006, a parole violation warrant was filed against petitioner by the District of Columbia.) The petition also mentions 28 U.S.C. § 2243 and makes a number of arguments regarding double jeopardy and waiver of administrative exhaustion. *Id*. No factual statements are provided.

While *pro se* filings are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Furthermore, "habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a writ of habeas corpus shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over

him and by virtue of what claim or authority, if known. *See* 28 U.S.C. § 2242.  The application must specify all  grounds for relief, state the facts supporting each ground, and state the relief requested.  *See* Rule 2 Governing §§ 2254 & 2255 cases.  The same standard applies to applications filed under 28 U.S.C. § 2241, *et seq*. *See* Rule 1(b) Governing § 2254 Cases.

This petition fails to comply with minimum filing requirements. Indeed, the court observes that it is filed on a boilerplate typed form completed by an FCI-Cumberland jailhouse lawyer which has been utilized in at least one other civil action. *See Walker v. Hollingsworth*, Civil Action No. WDQ-07-1750 (D. Md.).  The *pro se* petitioner may not set out his grounds and statement of claims in the petition by using the  "one form fits all" attachment that only makes general legal statements.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland,* 512 U.S. at 856; *see also United States v. Thomas,* 221 F.3d 430, 437 (3rd Cir. 2000).  Given the defects in the petition, it shall be dismissed without prejudice. Petitioner may re-file his petition in order to raise particularized factual grounds and statements in support of his case. The Clerk shall be directed to send petitioner a habeas form packet.  An order follows.

Date: July 31, 2007                                    /s/_____
                                                       Andre M. Davis
                                                       United States District Judge